IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01432-CMA-MEH

MARCO A. ROCHA,

    Plaintiff,

v.

CCCF ADMINISTRATION,
CCCF WARDEN D. SMELSER,
CCCF PERSONNEL R. GARCIA,
C. ANDERSON,
B. BONNER,
J. MORA, and
J SANCHEZ,

    Defendants.

## ORDER ON MOTION TO REMAND

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion to Vacate Defendant's Removal of Action [filed July 6, 2009; docket #7] construed as a motion to remand to state court. The matter is briefed and has been referred to this Court for disposition [docket #8]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, this Court orders that Plaintiff's motion to remand is **denied**.[1]

Plaintiff originally filed a complaint in Crowley County District Court alleging four claims for relief: (1) conspiracy to infringe plaintiff's rights, (2) violations of the First Amendment and Equal Protection Clause, (3) procedural due process violations, and (4) violations of the Eighth

---

[1] An order granting remand is a dispositive action necessitating a recommendation from the magistrate judge. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000).

Amendment. On June 19, 2009, Defendants filed a notice of removal asserting that, although the complaint was brought "pursuant to state tort law principles," it alleges violations under the First and Eighth Amendments to the United States Constitution, as well as an equal protection claim that may be brought under either the United States or Colorado constitutions. Defendants argue that, since the Plaintiff may only seek relief for federal constitutional claims pursuant to 42 U.S.C. § 1983, this Court has original jurisdiction under 28 U.S.C. § 1331.

Plaintiff seeks remand of this case to state court asserting that his claims are raised pursuant to Article II, Section 6 of the Colorado Constitution and that, although "defendants infringed federal provisions, [the Complaint] is not invoking jurisdiction for redress under any federal statute." Plaintiff requests either that he be allowed to amend his complaint or that this Court consider "dual" jurisdiction to make available for the Plaintiff the ability to seek punitive or special damages in federal court and declaratory relief in state court.

Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. *Rundle v. Frontier-Kemper Constructors, Inc.*, 170 F. Supp.2d 1075, 1077 (D. Colo. 2001) (citing *Castaneda v. Immigration and Naturalization Serv.,* 23 F.3d 1576, 1580 (10th Cir. 1994)). Removal of a case from the state court to the federal court is governed by 28 U.S.C. § 1441. That statute reads:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). As a result, if the Court lacks jurisdiction over this case, I must recommend that the District Court remand the case back to state court pursuant to 28 U.S.C. § 1447. Because

federal courts are courts of limited jurisdiction, there is a general presumption against such jurisdiction, and the party invoking it bears the burden of proof. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). Federal courts have original jurisdiction over cases that the Constitution and Congress have granted them authority to hear. *ICG Telecom Group v. Qwest Corp.*, 375 F.Supp.2d 1084, 1086 (D. Colo. 2005).

"A suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." *Schmeling v. Nordam*, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). A plaintiff is a "master of the claim" and may prevent removal by choosing not to plead a federal claim even if one is available. *Id.* (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). However, removal is permitted when the plaintiff's right to relief requires resolution of a substantial question of federal law. *Id.*

In his complaint titled, Civil Action Pursuant to State Law Tort Principles, Plaintiff specifically alleges, among other things, violations of the First and Eighth Amendments to the United States Constitution. Defendants are correct that, to seek relief for such violations, the Plaintiff's claims must proceed pursuant to 42 U.S.C. § 1983, which provides the federal question (28 U.S.C. § 1331) original jurisdiction for this Court to hear such claims. Therefore, removal of this case is proper.[2]

The Court notes that the Plaintiff argued in both the within motion and his reply to Defendants' response to the motion that he should be "allowed" to amend the complaint "to delete

---

[2]The Court declines Plaintiff's invitation to consider "dual jurisdiction." The Plaintiff provided, and the Court has found, no legal support for such proposition under the circumstances of this case.

any reference to federal provisions." Pursuant to Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Here, the Defendants responded to the complaint by filing a Motion to Dismiss. A responsive pleading pursuant to Rule 15(a) includes only those described in Fed. R. Civ. P. 7(a). *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (motions to dismiss or for summary judgment are not responsive pleadings for purposes of Fed. R. Civ. P. 15). Additionally, there is nothing in the record indicating that Plaintiff has amended his complaint since it was filed on March 6, 2009. Therefore, the Plaintiff need not seek permission from the Court to file a first amended complaint in this matter, should he choose to do so before a responsive pleading is filed.[3]

Accordingly, for the reasons stated above, it is hereby ordered that Plaintiff's Motion to Vacate Defendant's Removal of Action [filed July 6, 2009; docket #7] is **denied**.

Dated at Denver, Colorado, this 17th day of August, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[3]The Court notes that at least one court in this district has determined that when an amendment is sought to defeat diversity jurisdiction (*i.e.*, to join non-diverse parties), the movant must seek leave of court to amend the complaint. *See Reigel v. Canyon Sudar Partners, LLC*, 2007 WL 3274430 (D. Colo. Nov. 5, 2007) (unpublished). The *Reigel* court reasoned that, since 28 U.S.C. § 1447(e) provides a court discretion to deny or permit joinder when it would destroy subject matter jurisdiction, it is necessary to require parties to seek leave to amend rather than allow amendment as a matter of course. *Id.* The within case is distinguishable in that the notice of removal is based on federal question jurisdiction, not diversity jurisdiction. The Defendants have not identified, nor has the Court found, any cases in this circuit disallowing amendment as a matter of course under the circumstances of this case.