IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01432-CMA-MEH

MARCO A. ROCHA,

    Plaintiff,

v.

CCCF ADMINISTRATION,
CCCF WARDEN D. SMELSER,
CCCF PERSONNEL R. GARCIA,
C. ANDERSON,
B. BONNER,
J. MORA, and
J SANCHEZ,

    Defendants.

___

**ORDER ON DEFENDANTS' MOTION TO STAY**
___

Pending before the Court is Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss [filed January 19, 2010; docket #24]. The matter has been referred to this Court for disposition [docket #25]. For the reasons stated below, Defendants' motion is **denied**.

**I.    Background**

Plaintiff originally filed a complaint in Crowley County District Court alleging four claims for relief: (1) conspiracy to infringe plaintiff's rights, (2) violations of the First Amendment and Equal Protection Clause, (3) procedural due process violations, and (4) violations of the Eighth Amendment. On June 19, 2009, Defendants filed a notice of removal asserting that, although the complaint was brought "pursuant to state tort law principles," it alleges violations under the First and Eighth Amendments to the United States Constitution, as well as an equal protection claim that may be brought under either the United States or Colorado constitutions. Thereafter, on June 22,

2009, Defendants responded to the Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *See* docket #4.  The motion was referred to this Court, which issued a Report and Recommendation on October 6, 2009.  Docket #20.  The recommendation remains pending before the District Judge.  On January 19, 2010, Defendants filed the within Motion to Stay Discovery, alleging that, in the event the District Judge accepts this Court's recommendation, "the pursuit of discovery will serve no purpose and will cause both parties to incur unnecessary time and expense." *See* docket #27 at ¶ 6.  Defendants did not seek Plaintiff's position on the motion, as he is a prisoner proceeding in this action *pro se*.  *See* D.C. Colo. LCivR 7.1A.

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Here, Defendants seek protection from the burden of discovery at this stage in the case.

A stay of all discovery is generally disfavored in this District.  *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02519-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).  In evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).  Here, the *String Cheese* factors weigh against the

imposition of an indefinite stay of proceedings.

First, staying the case while Defendants' Motion to Dismiss is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability. On the other hand, the Defendants do not articulate any undue burden in proceeding with the case (other than their objections to Plaintiff's propounded discovery, which may be addressed by other means pursuant to the rules of civil procedure). In fact, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez,* 2007 WL 683973, at *2. Although Defendants have filed a motion that may dispose of the Plaintiffs' case, the motion is not based primarily on grounds typically warranting a stay, such as questions of the Court's jurisdiction or immunity. Here, there is no evidence of a special burden on the Defendants.

The remaining *String Cheese* factors (*i.e.*, the Court's convenience and interests of nonparties and the public in general) do not prompt a different result. *See String Cheese,* 2006 WL 894955, at *2. With respect to judicial efficiency in this Court, generally, it is the policy in this district not to stay discovery pending a ruling on motions to dismiss. *See Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, *4-5 (D. Colo. Aug. 14, 2006). This is particularly true in cases like this one, pending before Judge Arguello, who instructs the parties that motions having the effect of delaying proceedings are "strongly discouraged because of the adverse effects they have on case management." *See, e.g.,* CMA Civil Practice Stds., III.C. Consequently, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay Discovery be denied.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss [filed January 19, 2010; docket #24] is **denied**.

Dated at Denver, Colorado, this 20th day of January, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge