**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-01432-CMA-MEH

MARCO A. ROCHA,

      Plaintiff,

v.

CCCF ADMINISTRATION,
CCCF WARDEN D. SMELSER,
CCCF PERSONNEL R. GARCIA,
C. ANDERSON,
B. BONNER,
J. MORA,
J. SANCHEZ,

      Defendants.

---

## ORDER GRANTING IN PART AND DENYING MOTION TO AMEND JUDGMENT

---

      This matter is before the Court on *pro se* prisoner Plaintiff Marco A. Rocha's

Motion to Amend Judgment.  (Doc. #48.)  In the instant Motion, Plaintiff asks the Court

to reconsider its March 19, 2010 Order Adopting and Affirming October 6, 2009

Recommendation of United States Magistrate Judge to grant Defendants' Motion

to Dismiss.  (Doc. # 44.)  For the following reasons, Plaintiff's Motion is granted in part

and denied in part.

## I. BACKGROUND

At this juncture, the Court presumes the parties are well-versed in the facts of this case. Accordingly, the Court will only provide a brief factual overview.

Plaintiff originally filed this lawsuit in Crowley County District Court on March 6, 2009, alleging the following four claims for relief against the Crowley County Correctional Facility Administration ("CCCFA") and certain of its employees: (1) "civil chain of conspiracy," (2) "First Amendment/Equal Protection violations," (3) "Due Process violation," and (4) "Corporal Punishment, in violation to the 8th Ame. to the U.S. Constitution and Article II, § 25 to the Colorado Constitution." (Doc. # 1-4.) On June 19, 2009, the action was removed to this Court.

Plaintiff's claims stem from his placement in segregation, soon after his arrival at CCCF, as a result of his refusal to sign a waiver of liability for Defendants' receipt of his personal property. While in segregation, Plaintiff was allegedly placed in "stripped" status, in a jumpsuit with no other warm clothing, and in an "extremely cold environment." Plaintiff was allegedly exposed to the cold temperatures for more than 30 hours, which exposure aggravated an acute nervous disorder and caused him to suffer sharp back pain.

On June 22, 2009, Defendants filed a Motion to Dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 4.) On October 6, 2009, United States Magistrate Judge Michael E. Hegarty recommended that the Motion to Dismiss be granted on grounds of sovereign immunity and due to Plaintiff's failure to state actionable claims for

relief. (Doc. # 20.) On October 16, 2009, Plaintiff objected to Magistrate Judge
Hegarty's Recommendation. (Doc. # 21.) Plaintiff's objection included several
paragraphs addressing the Magistrate Judge's *sua sponte* recommendation that
Plaintiff's claims against CCCFA and the Defendants in their official capacities be
dismissed because those claims were barred by the Eleventh Amendment. However,
nowhere in his objection did Plaintiff bring to the attention of the Court that Defendant
Crowley County Correctional Facility was not a state entity, but rather, was a private
entity.

On March 19, 2010, the Court issued an Order Adopting and Affirming October 6,
2009 Recommendation of United States Magistrate Judge, upon conducting a *de novo*
review of the Recommendation to dismiss Claims One and Four. With respect to the
Magistrate Judge's Recommendation to dismiss Claims Two and Three, however,
because Plaintiff's objections thereto were improper, the Court applied a "clear error"
standard. The Court held that Plaintiff failed to state a claim for civil conspiracy, in part,
because Plaintiff failed to state adequately a claim for an underlying constitutional
violation, namely cruel and unusual punishment under the Eighth Amendment. (*Id.* at
11-14.) Further, the Court concurred that Plaintiff's claims for monetary damages
against Defendants CCCFA and its employees in their official capacities are barred by
the Eleventh Amendment. (*Id.* at 8.)

On March 26, 2010, Plaintiff filed the instant Motion to Amend Judgment under
Fed. R. Civ. P. 59(e). (Doc. # 48.) In pertinent part, Plaintiff contends that, (1) the

"Order of Dismissal does not fairly resolve[ ]" all his claims; (2) "Colorado officials waive[d] their official immunity" under Colo. Rev. Stat. § 24-10-106(1); (3) according to case law, "Qualified immunity does not protect municipalities or non-government employees such as guards at a private prison[ ]" and, therefore, Eleventh Amendment immunity is inapplicable to CCFA, which is a private corporation; (4) relevant issues and elements of material fact were not exhaustively examined because Defendants failed to produce certain information, including the identity of certain witnesses; (5) various case law supports Plaintiff's contention that his exposure to cold was unconstitutional; (6) Plaintiff's conspiracy claims should be re-evaluated due to the same related issues Plaintiff raised in a newly-filed case, No. 10-cv-357; and (7) that certain exhibits attached to the instant Motion to Amend Judgment provide additional support to Plaintiff's claims. (Doc. # 48 at 1-3.) Defendants responded on March 31, 2010. (Doc. # 49.) For the following reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion.

## II. STANDARD OF REVIEW

"Relief under Rule 59(e) should only be granted due to an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice." *Figueroa v. Am. Bankers Inc. Co. of Florida*, 517 F. Supp. 2d 1266, 1270 (D. Colo. 2006) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Manifest injustice is "[a]n error in the trial court that is direct, obvious, and observable[.]" BLACK'S LAW DICTIONARY 436 (2d pocket ed. 2001).

"[A] showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with the applicable policy." *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007). A Rule 59(e) motion "is appropriate where the Court has allegedly misapprehended the facts, a party's position, or the controlling law." *Figueroa*, 517 F. Supp. 2d at 1270. However, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. A Rule 59(e) motion must be filed within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). In the instant case, Judgment was entered on March 26, 2010. Plaintiff timely-filed the instant Motion on that same day, and seven days after the Court's March 19 Order.

### III. PLAINTIFF'S MOTION TO AMEND JUDGMENT

Though not entirely clear from the face of his Motion, Plaintiff appears to ask the Court to reconsider the dismissal of his first and fourth claims for relief, namely "civil chain of conspiracy" and "cruel and unusual punishment."

With respect to his "civil chain of conspiracy" claim, Plaintiff asks the Court to re-evaluate his claim due to issues Plaintiff raised in his newly-filed case, No. 10-cv-357, which has been assigned to this Court. Also, Plaintiff contends that a certain exhibit he attached to the instant Motion "demonstrates the defendant's deceitful method to influence the state court to dismiss my claim." (Doc. # 48, ¶¶ 14, 15.) With respect to Plaintiff's "cruel and unusual punishment" claim, Plaintiff contends

that, per well-established precedent, exposure to cold is unconstitutional.  (*Id.*, ¶ 7.)

Finally, Plaintiff contends that relevant issues and elements of material fact were not

exhaustively examined because Defendants failed to produce certain information,

including the identity of certain witnesses, whose "declarations contain elements of

material fact."  (*Id.*, ¶¶ 9, 13.)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the

sufficiency of the allegations within the four corners of the complaint after taking

those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, ____ U.S. ____ 129 S.Ct. 1937,

1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plaintiff's

request that the Court re-evaluate his conspiracy claim in light of his newly-filed case

and consider exhibits attached to his Motion do not comport with this standard.

Further, Plaintiff does not contend that the attached exhibits constitute new, previously

unavailable evidence.

With respect to Plaintiff's claim for cruel and unusual punishment, none of the

four cases Plaintiff cites support his claim that limited exposure to cold temperatures

amounts to a constitutional violation.  In *Mitchell v. Maynard*, 80 F.3d 1433 (10th Cir.

1996), the plaintiff was "stripped" and left in a cell with no mattress, bedding, heat, hot

water, or writing utensils and given only limited amounts of toilet paper.  In *Gregory v.

Wyse*, 512 F.2d 378 (10th Cir. 1975), the plaintiff was stripped and confined in

maximum security for at least ten days, most of which was spent in solitary confinement for 24 hours per day in a tiny cell, and was forced to sleep on a cement slab, with constant light. In *Maxwell v. Mason*, 668 F.2d 361 (8th Cir. 1981), the plaintiff was without any clothing, but for his undershorts for a period of fourteen days. Finally, in *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999), the plaintiff was confined outdoors overnight, without shelter, protective clothing, or "acceptable means to dispose of his bodily waste." In the instant case, Plaintiff alleged that Defendants exposed him to "unbearabl[y] cold temperatures by maximizing the air conditioning" and that he was subjected to these temperatures for about 30 hours, until he notified CCCFA medical staff that he was suffering sharp back pain and an acute nervous disorder, at which time, Plaintiff was provided with bed linens and two blankets. (Doc. # 1-4, ¶¶ 14, 16.) None of Plaintiff's cited cases support his contention that the aforementioned circumstances of Plaintiff's confinement reached a level sufficient to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

To the extent that Defendants may have "suppressed" declarations that may have contained "elements of material fact," the Court notes that discovery issues are irrelevant to the Court's analysis at the instant motion to dismiss stage. The Court's analysis is limited to the four corners of the Complaint and any exhibits attached thereto. For the same reasons, the Court need not consider the exhibits attached to the instant Motion.

Finally, Plaintiff argues that the CCCFA is a private corporation and, therefore, the Court erroneously relied on the Magistrate's Recommendation to apply Eleventh Amendment sovereign immunity to CCFA and the individual Defendants in their official capacities. (Doc. # 48, ¶¶ 2-4.) In support, Plaintiff cites to *Richardson v. McKnight*, 521 U.S. 399, 401 (1997), in which the Supreme Court held that qualified immunity does not extend to employees of a private prison management firm.

Plaintiff is correct. The Court apologizes for its oversight of footnote 1 in Defendants' Response to Objection to Recommendation (Doc. # 22) which informed the Court, for the first time, that Defendant Crowley County Correctional Facility Administration is not a state entity, but rather, is a private entity. Thus, Eleventh Amendment immunity does not apply to Defendants. As such, the Court will amend its March 19, 2010 Order to delete all references to sovereign immunity, by way of a contemporaneously-issued order. (Doc. # 51.) However, whether or not Defendants are entitled to Eleventh Amendment immunity does not change the insufficiency of Plaintiff's allegations. Plaintiff's allegations, as set forth in his Complaint, do not meet the threshold to survive a 12(b)(6) motion to dismiss.

Accordingly, for the foregoing reasons, it is ORDERED that Plaintiff's Motion to Amend Judgment (Doc. # 48) is GRANTED to the extent that the Court will amend its original order to delete all references to Eleventh Amendment immunity, but is DENIED in all other respects.

DATED:  April __2__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge