IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-01432-CMA-MEH

MARCO A. ROCHA,

    Plaintiff,

v.

CCCF ADMINISTRATION,
CCCF WARDEN D. SMELSER,
CCCF PERSONNEL R. GARCIA,
C. ANDERSON,
B. BONNER,
J. MORA, and
J. SANCHEZ,

    Defendants.

---

**AMENDED ORDER ADOPTING AND AFFIRMING OCTOBER 6, 2009
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Defendants' Motion to Dismiss (Doc. # 4) and Motion to Set Dispositive Motions Deadline (Doc. # 30), and Plaintiff's Motion for Court Order Directing the Preparation of a Martinez Report (Doc. # 35). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), the Motion to Dismiss was referred to the Magistrate Judge for a Recommendation by Order of Reference dated June 23, 2009. (Doc. # 5.) On October 6, 2009, The Magistrate Judge issued a Recommendation that Defendants' Motion to Dismiss be granted. (Doc. # 20.) Plaintiff filed his Objections on October 16, 2009. (Doc. # 21.) For the reasons stated below, the Court ADOPTS and AFFIRMS the October 6, 2009 Recommendation of The Magistrate Judge, and this case

is DISMISSED WITH PREJUDICE. Accordingly, Defendants' Motion to Set Dispositive Motions Deadline (Doc. # 30) and Plaintiff's Motion for Court Order Directing the Preparation of a Martinez Report (Doc. # 35) are DENIED AS MOOT.

## I. BACKGROUND

Plaintiff Marco A. Rocha is a state prisoner currently incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Plaintiff originally filed this lawsuit in Crowley County District Court on March 6, 2009, alleging the following four claims for relief against the Crowley County Correctional Facility ("CCCF") and certain of its employees: (1) "civil chain of conspiracy," (2) "First Amendment/Equal Protection violations," (3) "Due Process violation," and (4) "Corporal Punishment, in violation to the 8th Ame. to the U.S. Constitution and Article II, § 25 to the Colorado Constitution." (Doc. # 1-4.) Due to Plaintiff's allegations of violations of the United States Constitution, Defendants removed the action to this Court on June 19, 2009. (Doc. # 1.)

In his Complaint, Plaintiff alleges the following facts which are taken as true for purposes of this Motion. (Doc. # 1-4.) On August 6, 2008, Plaintiff was transferred from the Four Mile Correctional Center ("Four Mile") to CCCF. Upon arrival, Defendants Robert Garcia, Caine Anderson, Jerry Mora, and/or Joseph Sanchez ordered Plaintiff to sign a waiver of liability for receipt of Plaintiff's personal property (the "property inventory"). Apparently concerned that some of his "current" property was mixed together with property that was the subject of a replevin action he had filed against Bent County Correctional Facility, Plaintiff refused to sign the requested forms and

2

expressed concern about "[signing] an inaccurate property inventory and [accepting] incomp[le]te items related to said replevin action." Upon Plaintiff's refusal, Defendants placed Plaintiff in segregation allegedly in "stripped" status (defined by the Plaintiff as a jumpsuit with no other warm clothing) and in an "extremely cold environment." While in segregation, Defendant Sanchez and CCCF Investigator Romero questioned Plaintiff about his refusal to sign; Plaintiff responded that he believed the subject property was under the Bent County District Court's jurisdiction due to the replevin action. Defendants allegedly refused Plaintiff's request to communicate with the Bent County District Court regarding the situation, then told Plaintiff they would release him from segregation if he signed the property inventory.

The following evening, August 7, 2008, Plaintiff informed CCCF medical staff that he had an acute nervous disorder and was suffering sharp back pain due to exposure to extreme cold temperatures for more than 30 hours. Shortly thereafter, prison staff provided Plaintiff with bed linens and two blankets. On August 13, 2008, Defendants Mora and Sanchez again demanded that Plaintiff sign the property inventory, but Plaintiff refused.

In response to Plaintiff's Complaint, Defendants filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 4.) As to Plaintiff's Claim One ("civil chain of conspiracy"), Defendants argue Plaintiff fails to allege specific facts showing an agreement and concerted action necessary to show a conspiracy. Regarding Claim Two ("First Amendment/Equal Protection violations"), which

Defendants construe as an attempt to allege claims of retaliation and denial of access to the courts under the First Amendment, Defendants assert that Plaintiff fails to state (1) a retaliation claim because he does not connect his replevin action against Bent County Correctional Facility to the staff at CCCF, and (2) a denial of access claim because he does not allege that he was prevented from pursuing his replevin action. In addition, Defendants acknowledge Plaintiff identifies an "Equal Protection" violation but argue that Plaintiff states no facts showing how he has been treated differently than similarly situated inmates. As to Claim Three ("Due Process violation"), Defendants argue that there is no liberty right in being kept out of punitive segregation and therefore no due process violation. Finally, as to Claim Four ("Corporal Punishment"), Defendants argue that being exposed to cold temperatures for a period of thirty hours is not "cruel and unusual punishment" protected by the Eighth Amendment or Article II, Section 25 of the Colorado Constitution.

In his Response, Plaintiff argues that he has sufficiently stated his conspiracy, First Amendment, and Eighth Amendment claims; however, he makes no argument regarding his Equal Protection claim and concedes that his due process claim may have been "improperly" stated. (Doc. # 17.)

On October 6, 2009, the Magistrate Judge issued a Recommendation regarding Defendants' Motion to Dismiss. (Doc. # 20.) In his Recommendation, the Magistrate

4

Judge recommends dismissing each of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[1]  (Doc. # 20 at 8-16.)

Plaintiff objected to The Magistrate Judge's Recommendations on October 16, 2009.  (Doc. # 20.)

## II.  STANDARD OF REVIEW

### A.    RECOMMENDATION OF MAGISTRATE JUDGE

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is properly made if it is both timely and specific.  *U.S. v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is timely if made within 10 days after the magistrate judge issues his recommendation.[2]  *Id*.  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *See id*. (quoting *Thomas v. Arn*, 474

---

[1]  In his Recommendation, the Magistrate Judge also addressed *sua sponte* whether subject-matter jurisdiction exists over the CCCF Administration and the Defendants in their official capacities, and he concluded that these claims are barred by the Eleventh Amendment (sovereign immunity).  (*Id*. at 6-8.) The Court disregards the Eleventh Amendment immunity portion of the Magistrate Judge's recommendation because, in a footnote to its Response to Objection to Recommendation (Doc. # 22), Defendant concedes that it is a private entity not entitled to Eleventh Amendment immunity.

[2]  At the time the Magistrate Judge made his Recommendation, this was the rule.  Note, however, that the rules have since changed, and objections are now timely if made within fourteen days.  *See* Fed. R. Civ. P. 72(a).

U.S. 140, 147 (1985)).  If objections are not made or if made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).  In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

**B.     *PRO SE* PLAINTIFF**

Plaintiff is proceeding *pro se.*  The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. U.S.*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the

6

plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### III. ANALYSIS

Plaintiff has properly objected to The Magistrate Judge's Recommendation as to Claims One and Four. (*See* Doc. # 21.) As such the Magistrate Judge's Recommendations with respect to these claims have been reviewed *de novo* by the Court and are discussed in the sections that follow.

Plaintiff's objections to Claims Two ("First Amendment/Equal Protection violations") and Three ("Due Process violation"), however, do not raise new legally or factually significant issues. Moreover, Plaintiff concedes that he fails to state a valid due process violation.[3] Although the Court does not believe that Plaintiffs objections are specific enough to trigger *de novo* review, nevertheless, the Court has conducted a *de novo* review. *See U.S. v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (stating that a party's objections to magistrate judge's recommendation must be both timely and **specific** to trigger *de novo* review by district court) (emphasis added); *See also Manigaulte v. C.W. Post of Long Island University*, 659 F. Supp.2d 367, 372 (E.D.N.Y. 2009) ("when a party makes only

---

[3] In his objection to Claim Three, Plaintiff asks, as he did in his Response to Defendants' Motion to Dismiss, that the Court permit him to amend his Complaint. (*See* Doc. # 17.) However, as The Magistrate Judge pointed out, in the August 17, 2009 Order denying Plaintiff's Motion to Vacate Defendants Removal of Action, "Plaintiff need not seek permission from the Court to file a first amended complaint in this matter, should he choose to do so before a responsive pleading is filed." (Doc. # 14.) Plaintiff has not filed an Amended Complaint.

7

conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.") (citations, quotation marks, and brackets omitted). Based on this review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby ADOPTS the Recommendation on Claims Two and Three of The Magistrate Judge as the findings and conclusions of this Court, and DISMISSES these claims WITH PREJUDICE.

### A. CLAIM ONE – CIVIL CONSPIRACY OR CONSPIRACY PURSUANT TO 42 U.S.C. § 1985

Plaintiff's Claim One ("civil chain of conspiracy") alleges that Defendants conspired to coerce him to abandon his replevin claim against Bent County Correctional Facility by placing him in segregation upon his arrival at CCCF, exposing him to extreme cold temperatures, and withholding his personal and legal materials. (Doc. # 1-4 at 5.) It is unclear from the Complaint whether Plaintiff is alleging a state law civil conspiracy claim[4] or a federal civil rights conspiracy claim pursuant to 42 U.S.C. § 1985. Nonetheless, the Court will analyze both claims.

---

[4] Dismissal of all the claims supporting federal subject matter jurisdiction gives rise to the question of whether this Court should exercise supplemental jurisdiction over the state law claim. 28 U.S.C. § 1367(c)(3) provides that the Court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." In determining whether to exercise supplemental jurisdiction in these circumstances, the Court must consider the values of judicial economy, convenience, fairness, and comity. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997). After consideration of these values, the Court finds that it will exercise supplemental jurisdiction over this claim.

The Magistrate Judge recommended dismissing Plaintiff's state law conspiracy claim because Plaintiff did not sufficiently allege that Defendants' conduct violated Plaintiff's constitutional rights. (Doc. # 20 at 10.) The Magistrate Judge also recommended dismissing Plaintiff's claim of federal civil rights conspiracy because Plaintiff made no allegation of race or class-based animus. (Doc. # 20 at 9.)

Plaintiff properly objected to The Magistrate Judge's recommendation as to the state law civil conspiracy claim only.[5] In pertinent part, Plaintiff argues that The Magistrate Judge "identifies several specifics supporting my claim on civil chain of conspiracy but as a self contradiction concluded that these specifics lacks [sic] specificity?" (Doc. # 21 at 4.)

To establish a civil conspiracy in Colorado, a plaintiff must show: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result. *Jet Courier Serv., Inc. v. Mulei*, 771 P.2d 486, 502 (Colo. 1989). Additionally, the purpose of the conspiracy must involve an unlawful act or unlawful means, *i.e.,* Plaintiff

---

[5] Plaintiff does not object to dismissal of his federal civil rights conspiracy claim. Plaintiff states on page three of his Objections that The Magistrate Judge "seems to evaluate a Bivens Action claim, omitting [sic] the fact that my complaint, filed in state court, asserts 'civil chain of conspiracy'. . ." (Doc. # 21 at 3.) The Magistrate Judge, however, liberally construed Plaintiff's *pro se* Complaint and, therefore, considered the merits of Plaintiff's "civil chain of conspiracy" claim in both the state law context and under 42 U.S.C. § 1985. Because Plaintiff does not object to the dismissal of his federal civil rights conspiracy claim pursuant to 42 U.S.C. § 1985, the Court reviews The Magistrate Judge's Recommendation only for clear error. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Finding no clear error, the Court concludes that Plaintiff has failed to state a claim for conspiracy pursuant to 42 U.S.C. § 1985.

must demonstrate that Defendants' conduct has violated his constitutional rights. *See Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995).

In the instant case, Plaintiff appears to argue that he has met elements one (1) through five (5) and, therefore, he has stated a claim of civil conspiracy under Colorado law. Plaintiff, however, as stated in the analysis of Claims One through Four, has failed to demonstrate that Defendants' conduct violated his constitutional rights.

Accordingly, Plaintiff has failed to allege a state law claim of civil conspiracy or a federal civil rights conspiracy claim pursuant to 28 U.S.C. § 1985.

**B.  CLAIM FOUR – EIGHTH AMENDMENT**

Plaintiff's Claim Four alleges that Defendants violated the Eighth Amendment and Article II, Section 25 of the Colorado Constitution by placing him in segregation and "exposing [him] to [the] potential risk of serious harm and terminal illness." (Doc. # 1-4 at 6-7.)[6] As clarified in his Response brief, Plaintiff contends that he "was subjected to corporal punishment under extreme cold temperature." (Doc. # 17 at 4.)

The Magistrate Judge recommended dismissal of this claim because the harm that Plaintiff suffered from exposure to cold temperatures was not sufficiently serious to implicate the cruel and unusual punishment clause of the Eighth Amendment.[7] (Doc. # 20 at 16.)

---

[6]  The correct constitutional provision for cruel and unusual punishment under the Colorado Constitution is actually Article II, Section 20. *See* COLO. CONST. art. II, § 20.

[7]  The Magistrate Judge omits from his analysis Plaintiff's claim of a violation of COLO. CONST. art. II, § 25. However, neither party cites to, nor is the Court aware of, any precedent indicating that the state constitutional provision affords greater protection than the Eighth Amendment.

10

In his Objections, Plaintiff first argues that The Magistrate Judge's interpretation of case law is improper. Specifically, Plaintiff states, "[t]he Magistrate also presents White v. Whetsel, 17 F. App'x 839-841, (10th Cir. 2001) in which the Court dismissed an 8th. Ame claim allegation that the 'air conditioner cause cells to be too cold and plaintiffs to fall ill.,' a close-related [sic] case but inapplicable to the circumstances given in my case." (Doc. # 21 at 6.) Plaintiff, however, does not specifically state why *White* is not applicable to the facts of the instant action. This Court, after reading and analyzing *White*, finds no reason not to apply it to the instant action[8]. Therefore, this Court agrees with The Magistrate Judge's interpretation and application of the case law to the facts of the instant action.

Second, Plaintiff states that The Magistrate Judge misinterpreted his allegation of an acute nervous disorder. The Magistrate Judge believed this to be a pre-existing medical condition, whereas Plaintiff states that this was not a pre-existing medical condition, but rather a result of his exposure to cold temperatures while in segregation.[9]

---

[8] In *White*, plaintiffs appealed dismissal of their Eighth Amendment claim alleging air conditioning caused cells to be too cold and plaintiffs to fall ill. The 10th Circuit affirmed dismissal holding that plaintiffs did not state Eighth Amendment claim due to absence of adequate allegations of deliberate indifference and of more than merely uncomfortable conditions.

[9] Note that this Court agrees with The Magistrate Judge's interpretation of the facts in the Complaint. Plaintiff states at page three of the Complaint (Doc. # 1-4 at 3), "In the evening of Aug. 7-08 CCCF medical staff Mr. Matthews approached the plaintiff for a routine physical exam, and at this point the plaintiff informed Mr. Matthews of an acute nervous disorder and continues sharp back pain obviously resulted from exposure of extreme cold temperatures . . . ."

11

(Doc. # 21 at 6.) The Magistrate Judge's purported misinterpretation of the alleged facts, however, does not change the resolution of this issue, as discussed below.

In order to state an actionable claim of cruel and unusual punishment, regardless of whether it was a pre-existing or a resultant condition, a plaintiff must allege facts demonstrating "deliberate indifference to a prisoner's serious illness or injury," or that prison officials "have, with deliberate indifference," involuntarily exposed a prisoner to conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "While prisoners must receive humane conditions of confinement, mere discomfort or temporary adverse conditions which pose no risk to health and safety do not implicate the Eighth Amendment." *Gross v. Koury*, 78 Fed. App'x 690, 694 (10th Cir. 2003). Further, shortly after Plaintiff informed CCCF medical staff that he was suffering sharp back pain and an acute nervous disorder due to the cold, he was provided with bed linens and two blankets. (Doc. # 1-4 at 3.)

In the instant case, according to the facts alleged, Defendants could not have been aware of a condition that did not exist at the time Plaintiff was placed in segregation. Therefore, it would not be possible for them to demonstrate a deliberate indifference. Further, as stated above, the risk of harm through exposure to cold temperatures was not sufficiently serious to amount to cruel and unusual punishment. *See Gross*, 78 Fed. App'x at 694 (two month stay in solitary confinement cell that lacked adequate heat did not state claim for cruel and unusual punishment); *Ogbolu v. McLemore*, No. 96-6275, 1997 WL 49449, at *2 (10th Cir. Feb. 2, 1997) ("very short"

two-day stay in cold, wet, and drafty cell does not amount to cruel and unusual punishment).

Accordingly, this Court finds that Plaintiff has failed to state a claim of cruel and unusual punishment under the Eighth Amendment or Article II, Section 25 of the Colorado Constitution.

### IV. CONCLUSION

Accordingly, this case is DISMISSED WITH PREJUDICE. Further, Defendants' Motion to Set Dispositive Motions Deadline (Doc. # 30) and Plaintiff's Motion for Court Order Directing the Preparation of a Martinez Report (Doc. # 35) are DENIED AS MOOT. Costs are DENIED due to Plaintiff's limited financial resources.

DATED: April __2__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge